IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10345
Summary Calendar

_____

SUE MONROE, also known as
Carolyn Demonbruen Hayes,

                                        Petitioner-Appellant,

versus

UNITED STATES OF AMERICA; BUREAU
OF PRISONS; KATHLEEN HAWK, Director
of Bureau of Prisons; J.D. BOGAN,
Warden Carswell Medical Center,

                                        Respondents-Appellees.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-308-Y
---------------------
April 28, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

     Sue Monroe, a federal prisoner (# 02518-424), has filed an

application for leave to proceed in forma pauperis ("IFP") on

appeal, following the district court's grant of the defendants'

motion to dismiss her pro se action filed pursuant to 28 U.S.C.

§ 2241 and, according to the district court, Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388

(1971).  By moving to proceed IFP, Monroe is challenging the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court's certification that IFP status should not be granted on appeal because her appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997); 28 U.S.C. § 1915(a)(3).

To the extent that Monroe sought injunctive relief for Bivens-type civil rights claims,[**] the district court concluded that Monroe had failed to exhaust administrative remedies with respect to her conditions-of-confinement claims and as to her primary claim, which is that prison officials have denied her adequate medical treatment with respect to the lupus and kidney disease from which she suffers. She has also sought "Compassionate Release" pursuant to Bureau of Prisons ("BOP") Program Statement 5050.44 and 18 U.S.C. § 3582(c)(1)(A)(i), but was turned down by the BOP. Monroe's IFP application is not "directed solely to the trial court's reasons for the certification decision." See Baugh, 117 F.3d at 203. She has abandoned most of her conditions-of-confinement claims by failing to brief them in her application. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). She has not remotely shown that the district court erred in concluding that she had not exhausted administrative remedies as to the her medical-care claims and that the BOP did not abuse its discretion in denying "Compassionate Release."

---

[**] The district court's characterization of Monroe's claims as a Bivens action is questionable. Monroe did not request damages, and Bivens is a Supreme Court-created cause of action for damages against a federal actor for a violation of constitutional rights. Bivens, 403 U.S. at 289.

Monroe's appeal is without arguable merit and is thus frivolous. See Baugh, 117 F.3d at 202 n.24 (5th Cir. 1983); 5TH CIR. R. 42.2. Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Monroe IFP status on appeal, we deny the motion for leave to appeal IFP, and we DISMISS Monroe's appeal as frivolous.

The Government's motion to dismiss Monroe's appeal is DENIED as unnecessary.

Monroe's motion for appointment of counsel is DENIED.

Monroe's motion for a temporary restraining order or other injunctive relief is DENIED.